**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN HENNESSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-00217-JAR |
| | ) | |
| MEDICREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Medicredit, Inc.'s Motions to Dismiss. (Docs. 6, 9.)  In light of Plaintiff's Amended Complaint, the Court will deny Defendant's first Motion to Dismiss (which was directed at Plaintiff's now-superseded initial complaint) as moot. Before the Court now is Defendant's Motion to Dismiss Plaintiff's Amended Complaint and the exhibits attached thereto.  Plaintiff Kathleen Hennessey has filed a memorandum in opposition. (Doc. 11.)

## I.  Background

On August 16, 2017, Defendant sent a letter to Plaintiff asserting that she owed $622.66 in unpaid medical bills.  (Doc. 8-1.)  Plaintiff retained counsel, who wrote to Defendant on October 16, 2017, to notify it that Plaintiff was represented and that all future correspondence should be directed to counsel.  (Doc. 8-2.)  Counsel also disputed the validity of the debt and demanded that Defendant "provide a copy of all verification documents so that [counsel] may further assess [the] claimed amount due." (*Id.*)

In response to counsel's October 16 communication, Defendant wrote to Plaintiff a letter

that reads, in its entirety, as follows:

> We have received your dispute in regards to your account with St. Marys [sic] Hospital – St. Louis and are currently investigating the matter. There is no additional information or action needed from you at this time. If it is determined that additional information is needed, someone will contact you.
>
> If you have any questions or concerns regarding this matter, please feel free to contact our office at 1-800-888-2238. We are ready to assist you from 8:00am to 9:00pm CT Monday to Thursday, 8:00am to 7:00pm CT Friday and 8:00am to 1:00pm CT Saturday.
>
> Thank you for your patience while St. Marys [sic] Hospital – St. Louis reviews your account.

(Doc. 8-4.) Believing that this second letter violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692c-g, because it was sent directly to Plaintiff and because it failed to respond to counsel's demand to verify the debt, Plaintiff filed suit. (Docs. 1, 8.) Defendant now moves to dismiss the suit, arguing that the letter was not a collections communication and that the verification demand was untimely. (Docs. 9, 10.)

## II.     Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

When testing whether a communication violates the FCPA, the communication "must be viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (citing *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000)); *see also Curtis v. Fin. Recovery Servs.., Inc.*, No. 4:15CV1018 HEA, 2016 WL 1161598, at *3

(E.D. Mo. Mar. 23, 2016) (applying *Peters's* "unsophisticated consumer" test to alleged violations of § 1692c). The "unsophisticated consumer" test is "designed to protect consumers of below average sophistication or intelligence" as well as to maintain an "objective element of reasonableness." *Id.* (citing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994))

## III.  Discussion

The FDCPA prohibits debt collectors from engaging in "abusive, deceptive, and unfair debt collection practices" when they interact with consumers. 15 U.S.C. § 1692(a). Plaintiff alleges that Defendant violated the FDCPA by "[e]ngaging in deceptive and unfair tactics in an effort to collect the debt" in violation of 15 U.S.C. § 1692c-f—specifically by communicating with Plaintiff after learning that she was represented by an attorney—and by "[f]ailing to verify the debt by providing information that is responsive to Plaintiff's request" in violation of 15 U.S.C. § 1692g(b). (Doc. 8 at 3.)

### a.  15 U.S.C. § 1692c-f – Deceptive and Unfair Tactics

Sections 1692c through 1692f prohibit certain behavior in pursuit of repayment. Section 1692c(a)(2) requires debt collectors to cease all communication "in connection with the collection of any debt" if the consumer notifies the debt collector that she is represented by counsel. Defendant does not dispute that the second letter was sent after it learned that Plaintiff was represented, but argues that the letter was not a "communicat[ion] with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692(c)(a); (Doc. 10 at 3-5).

"[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014) (citing *Simon v. FIA Card Servs., N.A.*,

732 F.3d 259, 266 (3d Cir. 2013); *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010)).  "In determining whether a particular communication was made in connection with the collection of a debt, courts examine the relationship between the parties, the purpose and context of the communication as a whole, and whether there is an explicit demand for payment."  *Klein v. Stellar Recovery,* Inc., No. 4:16 CV 1480, 2017 WL 4551526, at *3 (E.D. Mo. Oct. 12, 2017).  "It is not necessary for a communication to include an 'explicit demand for payment' to be considered 'in connection with the collection' of a debt," but "it is just as clear that 'the statute does not apply to *every* communication between a debt collector and a debtor.'"  *Id.* (quoting *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010)).  "The language used in the communication is . . . a factor" to consider in testing whether the communication is designed to induce payment and "legitimate business inquiries and informational communications do not violate § 1692c(a)(2)."  *Id.* (citing *Thompson v. BAC Home Loans Servicing, L.P.*, No. 2:09-CV-311-TS, 2010 WL 1286747, at *4 (N.D. Ind. Mar. 26, 2010), *Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410, 1417 (D. Kan. 1986)).

Defendant argues that the second letter was merely informational and that its intended purpose—to notify Plaintiff that it had received her request to verify the debt and that it was investigating the matter—is apparent from the language used.  (Doc. 10 at 5; Doc. 7-2.)  Defendant asserts that the letter could not have been intended to induce payment because it expressly states that "There is no additional information or action needed from you at this time." (Doc. 10 at 5; Doc. 7-2.)  Indeed, Defendant argues that the letter was only sent in response to Plaintiff's request for information about the debt.

Plaintiff responds that the second letter makes no reference to her being represented by counsel; that it contemplates additional direct contact ("If additional information is needed, someone will contact you."); and that it states the balance of the debt and the original creditor. (Doc. 11 at 2-3.) Plaintiff argues that these facts indicate that the letter was an attempt to induce payment that "flies in the face of Plaintiff's right to be represented by counsel." (*Id*. at 11.)

The Court agrees with Defendant. Even viewing the letter though the eyes of an unsophisticated consumer, the Court does not find Plaintiff's interpretation reasonable. The Court is persuaded first by the timing of the letter; it was sent after Plaintiff's demand for additional information. When coupled with the substance of the letter, which is little more than an acknowledgment that Defendant had received Plaintiff's validation demand, it seems clear to the Court that it was triggered by the request for information, not motivated by an immediate desire for repayment. *Klein*, 2017 WL 4551526, at *3 ("where a communication is clearly informational and does not demand payment or discuss the specifics of an underlying debt, it does not violate the FDCPA.") (quoting *Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1205 (M.D. Fla. 2015)).

In addition, the Court finds that the language cited by Defendant clearly precludes any interpretation that repayment is being sought. Indeed, the Court finds that the letter actually suggests the opposite: that the debt may not be valid and that all collection activity will stop until it can be verified. The inclusion of the specific amount due and original creditor is necessary to the understanding of the letter, and the Court does not believe that including this information was meant to induce repayment, especially when considered alongside the "no additional information or action needed" language. *Klein*, 2017 WL 4551526, at *3 (citing with approval *Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 388-89 (7th Cir. 1998) (holding that

a letter informing debtors of current status of their account and listing prospective due dates is not communication related to the collection of a debt).)

The Court concludes that the same analysis excludes claims based on sections 1692d, 1692e, and 1692f, all of which require that the alleged misconduct be in connection to the collection of a debt. Moreover, the Court notes that Plaintiff's amended complaint contains no factual basis for a violation of these sections other than Defendant's posting of the second letter. For instance, Plaintiff does not allege that Defendant threatened or used violence or obscene language, published Plaintiff's name, or called her repeatedly, *see* 15 U.S.C. § 1692d; that the letter contained false, deceptive, or misleading representations, *see* 15 U.S.C. § 1692e; or that Defendant accepted a post-dated check or attempted to collect some amount not expressly authorized, *see* 15 U.S.C. § 1692f.

     b.     <u>15 U.S.C. § 1692g(b) – Validation of Debts</u>

Plaintiff also alleges that Defendant violated the FDCPA by failing to respond to her verification demand in violation of 15 U.S.C. § 1692g(b). (Doc. 8 at 3.) Under section 1692g(b), when a consumer disputes the validity of a debt, the debt collector must cease all collection activities until it obtains and provides to the consumer supporting documentation verifying that the debt is valid. To trigger the cessation of debt collecting activity and production of supporting documentation, the consumer must notify the debt collector in writing within thirty days after the debt collector's initial communication. 15 U.S.C. § 1692g(b).

Plaintiff argues that Defendant has failed to verify the debt despite her counsel's written demand. (Doc. 8 at 3.) Defendant asserts that Plaintiff's demand was not made within thirty days of its initial communication. (Doc. 10 at 7-8.) In addition, Defendant argues that it has nonetheless ceased debt collection activities. (*Id*.)

The Court notes that it is not clear whether Plaintiff's verification demand was timely. Plaintiff attaches a copy of the first letter, dated August 16, 2017, to her amended complaint but makes no allegation as to when she received it. (Doc. 8-1.) Counsel's letter to Defendant is dated October 16, 2017, two months later than the initial communication. (Doc. 8-2.) The sixty-day difference in dates suggests that Plaintiff's validation demand was not made within the first thirty days following her receipt of Defendant's initial communication, but the Court cannot make the determination based on the facts as plead.

In any event, the Court concludes that Defendant has ceased debt collection activity as required by 15 U.S.C. § 1692g(b). As noted, the only alleged action is Defendant's sending of the second letter, which the Court has already concluded was not designed to induce repayment and therefore does not constitute collection activity. Importantly, there is no time requirement on the debt collector's obligation to respond to a consumer's demand for verification. 15 U.S.C. § 1692g(b). The Court finds that Defendant has complied with 15 U.S.C. § 1692g(b).

c.     Other FDCPA Violations

In her amended complaint, Plaintiff asserts that "Defendant has committed violations of the FDCPA . . . including, but not limited to," sections 1692c-f and 1692g(b). (Doc. 8 at 3.) The Court notes that the FDCPA contains three additional sections that govern debt collectors' behavior. Section 1692h prohibits debt collectors from diverting payments intended for an admitted debt to satisfy a disputed debt, § 1692i defines a debt collector's obligations in the event it brings suit to enforce a debt, and § 1692j outlaws the use of deceptive forms designed to mislead a consumer as to who is involved in collecting a debt. The facts alleged in Plaintiff's amended complaint do not support any cause of action based on those three sections.

IV.     **Conclusion**

For these reasons, the Court concludes that the factual allegations in Plaintiff's amended complaint, accepted as true, do not support a facially plausible FDCPA claim. *Iqbal*, 556 U.S. at 768. The Court therefore finds that Defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Medicredit, Inc.'s Motion to Dismiss Plaintiff's initial Complaint (Doc. 6), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 9), is **GRANTED** and the Amended Complaint is **DISMISSED with prejudice**.

Dated this 24th day of July, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**